**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| Joan R. Mack, as Trustee of the Palace Jewelry & Loan Co., Inc. 401(k) Profit Sharing Plan and Trust,<br><br>　　Plaintiff,<br><br>vs.<br><br>Randal S. Kuckenmeister, CPA MST, as Administrator of the Estate of Charla Marie Mack, Deceased,<br><br>　　Defendant,<br><br>Darren Roy Mack, et al.<br><br>　　Defendant. | 3:08-CV-00370-ECR-RAM<br><br>**<u>Order</u>** |

## I. Factual Background

Plaintiff is the Trustee of The Palace Jewelry & Loan Co., Inc. 401(k) Profit Sharing Plan (the "Plan"). (Compl. ¶ 1 (#1).) Defendant Randal S. Kuckenmeister ("Defendant Kuckenmeister") is the duly appointed Administrator of the Estate of Charla Marie Mack, deceased (the "Estate"). (Id. ¶ 2.) Defendant Mack is a participant in the Plan and was married to Charla Marie Mack ("Charla Mack"), who died on or about June 12, 2006. (Id. ¶¶ 8-9.) Prior to the death of Charla Mack, a divorce action was pending in the Family Division of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe (the "State Court") under Case No. DV05-00263 between Charla Mack and Defendant Mack (the

1

1  "Divorce Action").

2  On June 20, 2007, the State Court entered an Order for Entry of Order Nunc Pro Tunc in the Divorce Action ordering, among other things, execution of a Qualified Domestic Relations Order for the payment to the Estate of $500,000. (Id. ¶ 11.) On or about December 31, 2007, the Estate made a demand upon Plaintiff for approval of a proposed Qualified Domestic Relations Order in the Divorce Action. (Id. ¶ 12.) Plaintiff alleges that Defendant Mack objects to the Estate's proposed Qualified Domestic Relations Order and disputes its validity, as well as the validity of the June 20, 2007 Order in the Divorce Action. (Id. ¶ 13.) Plaintiff further alleges that she is in doubt as to whether the Estate is entitled to be paid from the retirement benefits of Defendant Mack under the Plan. (Id. ¶ 14.)

15  In her Complaint (#1), Plaintiff asked: (i) that the Court declare the rights and obligations of the parties with respect to the retirement benefits of Defendant Mack under the Plan; (ii) that Defendants be required to interplead and settle between themselves their rights to the retirement benefits of Defendant Mack under the Plan; (iii) that Plaintiff be discharged from any other or future liability under the Plan; (iv) that Plaintiff be awarded her costs and attorney's fees incurred in this action; (v) that Defendants be enjoined from prosecuting or attempting to prosecute or taking any further action to secure payment of the retirement benefits of Defendant Mack under the Plan in any court other than this Court; and (vi) for such other and further relief as the Court deems just and proper under the circumstances. (Id. at 3.)

## II. Procedural Background

Plaintiff filed her Complaint for Interpleader (#1) on July 7, 2008, due to perceived conflicting claims by Defendants to five hundred thousand dollars ($500,000) (the "Funds") to be paid from the Plan. On July 30, 2008, Defendant Darren Mack filed an Answer to Interpleader Complaint and Cross-Claim (#9). On August 4, 2008, Defendant Kuckenmeister filed a Motion to Dismiss (#11). Plaintiff filed a Response (#20) to the Motion to Dismiss the Complaint for Interpleader on August 22, 2008. Defendant Mack filed a Response (#21) to Motion to Dismiss the Complaint for Interpleader on August 22, 2008.

On August 26, 2008, Defendant Kuckenmeister filed a Motion (#22) to Dismiss the Cross-Claim by Defendant Mack. Defendant Mack filed a Response (#25) to the Motion to Dismiss the Cross-Claim on September 12, 2008.

On January 23, 2009, this Court entered an order (#28) granting the Motion to Dismiss the Complaint for Interpleader (#11) and the Motion to Dismiss Darren Mack's Cross-Claim (#22) (the "Order").

On February 10, 2009, Defendant Mack filed a Notice of Appeal (#30) of the Order to the United States Court of Appeals for the Ninth Circuit. On February 12, 2009, Plaintiff filed a Notice of Appeal (#33) of the Order. The United States Court of Appeals for the Ninth Circuit entered an opinion (#43) on July 22, 2010 remanding the case to this Court with instructions that Plaintiff be directed to deposit the contested funds with the court, and that the Court thereafter dismiss Plaintiff from the case, dismiss Defendant

3

Mack's cross-claim (#9) and enter judgment in favor of Defendant Kuckenmeister.  The mandate (#46) of the United States Court of Appeals for the Ninth Circuit was filed with this Court on February 8, 2011.

On February 17, 2011, this Court entered a Minute Order in Chambers (#50) (the "Minute Order") directing that unless objections are filed within twenty-one days of the date thereof, the Court shall issue an order (i) directing Plaintiff to deposit the Funds with the Court; (ii) dismissing Plaintiff from the case; (iii) dismissing Defendant Mack's cross-claim; and (iv) awarding the Funds to Defendant Kuckenmeister.

On March 9, 2011, Plaintiff filed an Objection (#51) to the Minute Order.  Additionally, on March 9, 2011, Defendant Mack filed an  Objection (#52) to the Minute Order.  On March 23, 2011, Defendant Kuckenmeister filed a Response (## 53, 54) to each Objection (## 51, 52).  On March 31, 2011, Defendant Mack filed a Reply (#55) to Defendant Kuckenmeister's Response (#54).

The Objections (## 51, 52) are ripe, and we now rule on them.

### III. Plaintiff's Objection (#51) to the Minute Order

In her Objection (#51) to the Minute Order, Plaintiff states that she must object to depositing the Funds with the Court until an order is entered by the Court setting forth the following:

"(1) The exact name, address and relationship/title of the recipient of the Funds;

(2) The federal employer identification number or social security of the recipient;

4

1      (3) Confirmation that the mandatory withholding of twenty
2 percent (20%) will be made at the time of distribution, thus
3 reducing the amount to be deposited with the court; and
4      (4) Confirmation that the recipient will receive a Form 1099-R
5 for the distribution at a stated address." (P.'s Objec. at 4-5
6 (#51).)
7      Further, Plaintiff requests that the Court consider two
8 additional issues: (i) the administrative hold on the Smith-Barney
9 account in which the Funds are held; and (ii) Plaintiff's request
10 for an award of costs and attorney's fees from the Funds. (Id. at
11 5.)
12      i. Federal Income Tax Withholding and Reporting Requirements
13      Generally, Plaintiff contends that because the Funds are held
14 in a pension plan, depositing the Funds with the Court will
15 constitute a Plan "distribution" that will trigger immediate tax
16 reporting and withholding requirements under the Internal Revenue
17 Code. (Id. at 3-4.)
18      Specifically, plan distributions are subject to federal income
19 tax withholding under rules prescribed by Internal Revenue Code §
20 3405. (Id. at 4.)  Eligible roll-over distributions are subject to
21 twenty percent (20%) withholding under § 3405(c). (Id.)
22      In addition, Plaintiff asserts that plan distributions must be
23 reported on a Form 1099-R, pursuant to Internal Revenue Code §
24 6047(d).  Internal Revenue Code § 6721 and § 6722 prescribe
25 penalties for the incorrect filing of a Form 1099-R with the
26 Internal Revenue Service or untimely or incorrect furnishing of Form
27 1099-R to the participant or beneficiary. (Id.)
28

1  Furthermore, Plaintiff states that a plan must file an Internal
2 Revenue Service Form 945 for any year in which it has income
3 withholding liabilities with respect to a distribution from the
4 plan.  Failure to file a Form 945 subjects the plan to failure to
5 file penalties under Internal Revenue Code § 6672, pursuant to which
6 the IRS may recover the withholding tax plus interest directly from
7 the withholding party. (<u>Id.</u>)

8  Finally, Plaintiff notes that a plan administrator must know
9 the final outcome of the interpleader action and specific
10 information concerning the recipient in order to meet its
11 withholding and reporting obligations. (<u>Id.</u>)

12  Defendant Kuckenmeister has provided the name and address for
13 the distribution of the Funds in his Response (#53) to Plaintiff's
14 Objection (#51) to the Minute Order.  In addition, Defendant
15 Kuckenmeister asserts that the tax identification number for the
16 Estate and the Form 1099-R will be provided to Plaintiff. (Resp. to
17 P.'s Objec. at 6 (#53).)

18  Finally, we note that in his Response (#53) to Plaintiff's
19 Objection (#51), Defendant Kuckenmeister has agreed to permit
20 Plaintiff to make a twenty percent (20%) withholding from the
21 deposit of the Funds with the Court for the purposes of federal
22 income tax withholding for the Estate.

23  Therefore, Plaintiff's concerns regarding the tax and reporting
24 obligations of a distribution of the Funds from the Plan appear to
25 be resolved.

26  <u>ii. Plaintiff's Request for Costs and Attorney's Fees</u>
27  The Ninth Circuit Court of Appeals has held that "the

6

1 availability of attorneys' fees for interpleader plaintiffs
2 recognizes that by bringing the action, the plaintiff benefits all
3 parties 'by promoting early litigation on the ownership of the fund,
4 thus preventing dissipation.'" <u>Trs. Of the Dirs. Guild of America-
5 Producer Pension Benefits Plan v. Tise</u>, 234 F.3d 415, 426 (9th Cir.
6 2000)(citing <u>Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.</u>,
7 306 F.2d 188, 193 (9th Cir. 1962)).  In general, the United States
8 Court of Appeals for the Ninth Circuit has found that "the proper
9 rule, in an action in the nature of interpleader, is that the
10 plaintiff should be awarded attorney fees for the services of his
11 attorneys in interpleading." <u>Shirmer Stevedoring Co.</u>, 306 F.2d at
12 194.

13      We are persuaded, however, that attorney's fees and costs are
14 not permitted in an interpleader action where there is no
15 substantial likelihood of multiple liability for the Plaintiff.
16 <u>Metropolitan Life Ins. Co. v. Prater</u>, 508 F. Supp. 667 (E.D. Ky.
17 1981); <u>Paul Revere Life Ins. Co. v. Riddle</u>, 222 F. Supp. 867 (E.D.
18 Tenn. 1963); <u>United Co-op Farmers, Inc. v. Aksila</u>, 156 F. Supp. 118,
19 120 (D. Mass. 1957).  We are further persuaded by case law holding
20 that a party who files an interpleader action without exercising
21 sufficient diligence in investigating the merits of the allegedly
22 competing claims, thereby causing unnecessary litigation, is not
23 entitled to attorney's fees. <u>Mendez v. Teachers Inc. & Annuity Ass'n
24 & College Retirement Equities Fund</u>,982 F.2d 783 (2d Cir. 1992);
25 <u>Aetna Life Ins. Co. v. Harley</u>, 365 F. Supp. 1201, 1215 (N.D. Ga.
26 1973).

27      In this case, both this Court and the Ninth Circuit Court of
28
                                    7

1 Appeals found that the Nevada state court had already determined
2 that the Estate was entitled to the Funds in its order *nunc pro tunc*
3 filed on June 12, 2007.  Defendant Mack appealed this decision to
4 the Nevada Supreme Court, which on March 26, 2009 issued an order
5 affirming the Second Judicial District Court's finding with respect
6 to payment of the Funds from the Plan to the Estate. <u>Mack v. Estate</u>
7 <u>of Mack</u>, 206 P.3d 98 (Nev. 2009).  In her complaint (#1), Plaintiff
8 has not shown any substantial likelihood of liability with respect
9 to the Funds, but merely asserts in general terms that she believes
10 that Defendant Mack objects to the validity of the order in the
11 Divorce action granting the Funds to the Estate.

12    A minimal investigation into Defendant Mack's claim should have
13 revealed to Plaintiff that, as this Court and the Ninth Circuit
14 Court of Appeals recognized, the Second Judicial District Court of
15 the State of Nevada and the Nevada Supreme Court determined that
16 Plaintiff should transfer the Funds to the Estate, thus rendering
17 any objections on the part of Defendant Mack moot.

18    We therefore find that because Plaintiff was not faced with any
19 substantial likelihood of multiple liability with respect to the
20 Funds and, indeed, should have known so based on the rulings of the
21 Second Judicial District Court and the Supreme Court of Nevada,
22 Plaintiff's claim for costs and attorney's fees will be denied.

23    <u>iii. The Administrative Hold on the Smith-Barney Account</u>
24 <u>Holding the Funds</u>

25    Plaintiff notes that there is an administrative hold on the
26 Smith-Barney account in which the Funds are held. (P.'s Objec. at 5
27 (#51).)  This objection is discussed in further detail in Defendant

28

1  Mack's Objection (#52) to the Minute Order, discussed below.  The
2  administrative hold refers to a preliminary injunction issued by the
3  Second Judicial District Court as a result of a separate action
4  against Defendant Mack for wrongful death. (P.'s Objec. at Ex. 1 and
5  2 (#51).)  Defendant Kuckenmeister contends that the preliminary
6  injunction issued by the Second Judicial District Court has since
7  terminated and provides no reason not to deposit the Funds with the
8  Court.

   Under federal law, a preliminary injunction "remains in effect
until a final judgment is rendered or the complaint is dismissed,
unless it expires earlier by its own terms, or is modified, stayed
or reversed." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
Federal Practice and procedure § 2947 (2d ed. 1995) (citing Venezia
v. Robinson, 16 F.3d 209, 211 (7th Cir. 1994) (citing Cypress Barn,
Inc. v. W. Elec. Co., Inc., 812 F.2d 1363, 1364 (11th Cir.
1987)(citing Madison Square Garden Boxing, Inc. v. Shavers, 562 F.2d
141, 144 (2d Cir. 1977).  The Ninth Circuit Court of Appeals has
held that a "preliminary injunction imposed according to the
procedures outlined in Federal Rule of Civil Procedure 65 dissolves
*ipso facto* when a final judgment is entered in the cause." U.S.
Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1093 (9th Cir. 2010).
The Nevada Supreme Court appears to have adopted the federal rule
with respect to Nevada Rule of Civil Procedure 65 to find that
preliminary injunctive relief may be proper to preserve the status
quo pending final judgment. See Ottenheimer v. Real Estate Div. of
Nevada Dept. of Commerce, 535 P.2d 1284 (Nev. 1975).

   Here, on or about August 10, 2006, the Second Judicial District

Court issued a preliminary injunction "against any movement of the assets from the 401(k) profit-sharing plan commonly known as Palace Jewelry and Loan profit-sharing plan currently administered by Spectrum Pension Consultants." (Id. at Ex. 1.)  The Second Judicial District Court denied Defendant Mack's motion to dissolve the injunction on Mary 23, 2008, finding that "as Erika Mack's wrongful death actions remain unresolved, this Court deems it appropriate to keep the injunction in place and further enjoin Mr. Mack from accessing funds in his pension plan retirement account." (Id. at Ex. 2.)  Since the state court's May 23, 2008 decision, the wrongful death action against Defendant Mack has concluded. (Resp. to P.'s Objec. at 7 (#53).)  Specifically, on February 25, 2010, the Nevada Supreme Court issued an Order affirming in part and reversing in part the District Court's judgment. Id.  The Nevada Supreme Court affirmed the compensatory damages award and reduced the punitive damages award, but concluded that a new trial was unwarranted. Id.

    Here, the preliminary injunction was issued as a result of the wrongful death action. Id. at 8.  Thus, upon final judgment in the wrongful death action, the preliminary injunction dissolved by operation of law following the Nevada Supreme Court's February 25, 2010 Order and final Judgment entered pursuant to that Order.

    We therefore find that the administrative hold on the Smith Barney account in which the Funds are held is moot.

### IV. Defendant Mack's Objection (#52) to the Minute Order

In his Objection (#52) to the Minute Order, Defendant Mack objects to the distribution of the Funds on the same grounds as

Plaintiff and on the following additional grounds.

<u>i. The Administrative Hold on the Smith Barney Account Holding the Funds</u>

We note that while Defendant Mack treats the existence of the administrative hold on the Smith Barney account holding the Funds as additional grounds for objection apart from those raised by Plaintiff, such objection was, in fact, raised by Plaintiff in her Objection (#51) to the Minute Order.

As described in further detail above, we have found that the administrative hold on the Smith Barney account holding the Funds is moot because the preliminary injunction dissolved by operation of law following the Nevada Supreme Court's February 25, 2010 Order and final Judgment entered pursuant to that Order.

<u>ii. Defendant Mack's Claim that the Bankruptcy Court or Another Court Must Determine the Amount of the Alleged $500,000 Obligation Fails.</u>

Defendant Mack was party to a bankruptcy case pending under Case No. BK-N-05-52668. (D.'s Objec. at 3 (#52).) Defendant Mack contends that the Ninth Circuit Court of Appeals' opinion regarding the disbursement of the Funds runs afoul of previous orders entered in that bankruptcy case. Specifically, Defendant Mack contends that on November 18, 2008, the bankruptcy court held that Defendant Kuckenmeister had not shown that the Estate was entitled to the Funds pursuant to the State Court's Order for Entry of Order Nunc Pro Tunc in the Divorce Action. <u>Id.</u> at 4. Defendant Mack avers that the Funds were not meant as a lump sum payment of $500,000, but had been set aside to be paid as spousal support in increments of

1  $10,000 per month, and that upon Charla Mack's death, such support
2  obligation ceased. Id.
3       Defendant Mack's reliance on the Bankruptcy Court's November
4  18, 2008 order is misplaced.  The law of the case doctrine provides
5  that a court generally will not reexamine an issue previously
6  decided by the same or a higher court in the same case. Lucas Augo.
7  Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th
8  Cir. 2001) (citing Rebel Oil Co., Inc. v. Atlantic Richfield Co., 14
9  F.3d 108, 1093 (9th Cir. 1995)).  Here, the Second Judicial District
10 Court's nunc pro tunc order was affirmed by the Nevada Supreme
11 Court, which found that Charla Mack was entitled to a lump sum
12 payment of the Funds. Mack v. Estate of Mack, 206 P.3d 98 (Nev.
13 2009).  In addition, this holding was affirmed by the Ninth Circuit
14 Court of Appeals in its July 22, 2010 opinion (#43).  Furthermore,
15 this Court previously found in our January 23, 2009 order (#28) that
16 the doctrine of collateral estoppel prevents re-litigating the issue
17 of who is entitled to the Funds.  There remains no question as to
18 the entitlement of the Estate to the Funds.  Defendant Mack's
19 objection is not well taken.

### V. Conclusion

22      Our February 17, 2011 Minute Order directed that unless
23 objections were filed within twenty-one days of the date thereof,
24 this Court would issue an order (i) directing Plaintiff to deposit
25 the Funds with the Court; (ii) dismissing Plaintiff from the case;
26 (iii) dismissing Defendant Mack's cross-claim; and (iv) awarding the
27 Funds to Defendant Kuckenmeister.

1    Here, we have found that both Plaintiff's and Defendant Mack's
2 Objections (## 51, 52) to the Minute Order were not well taken.
3 Plaintiff's concerns regarding the tax and reporting obligations of
4 distributing the Funds to the Estate appear to be settled.  The
5 administrative hold on the Smith Barney account holding the Funds
6 appears to be moot.  Finally, Defendant Mack's contention that the
7 bankruptcy court or another court must determine the proper
8 distribution of the Funds fails on the principles of the law of the
9 case doctrine and collateral estoppel.

11   **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff shall within
12 thirty (30) days deposit the Funds with this Court, subject to a
13 twenty percent (20%) withholding solely for purposes of federal
14 income tax withholding for the Estate.
15   **IT IS HEREBY FURTHER ORDERED** that Plaintiff is dismissed from
16 this case.
17   **IT IS HEREBY FURTHER ORDERED** that Defendant Mack's Cross-Claim
18 (#9) is hereby **DISMISSED**.
19   **IT IS HEREBY FURTHER ORDERED** that the Funds are awarded to
20 Defendant Kuckenmeister in his fiduciary capacity as Administrator
21 of the Estate.
22   The Clerk shall enter judgment accordingly.

24 DATED: April 12, 2011.

*Edward C. Reed.*

UNITED STATES DISTRICT JUDGE

13